AUDITOR GENERAL v. LIQUOR CONTROL COMMISSION.

OFFICERS—AUDITOR GENERAL—LIQUOR CONTROL COMMISSION—AUDIT.
   Auditor general *held,* to have no power to accept or reject items in an audit of books of liquor control commission so as to establish legal right or liability of the commission or its members, but to have the power to make an examination of the books and records of the commission and take such physical inventories as he finds necessary to determine correctness of its report to State treasurer of moneys due the State.
   POTTER, J., dissenting.

Mandamus by John K. Stack, Jr., auditor general, to compel the Liquor Control Commission composed of Frank A. Picard, chairman, and others, to submit to an official examination and detailed audit of its records. Submitted June 20, 1934. (Calendar No. 37,967.) Writ granted September 18, 1934.

*James P. Stewart,* for plaintiff.

*Patrick H. O'Brien,* Attorney General, and *William L. Brunner,* Assistant Attorney General, for defendants.

FEAD, J. With explanations, I concur in Mr. Justice POTTER's opinion except as to the result.

I agree that the auditor general has no power to "audit" the books in the sense of authority to accept and reject items and thereby establish legal right or liability of the commission or its members. But it should be made plain that he has the power and duty to examine the books, as well as invoices, vouchers and other records, and to take such physical inventories as he finds necessary, to determine whether the report of the commission to the State treasurer represents the correct amount of money due the State. In certifying to the report he may, and should, report all items which in his judgment are not proper but having in mind that the statute commits to the discretion of the commission certain policies and the methods of working them out.

At all times, including the final briefs, so far as the commission has disclosed its position to the auditor general or to this court, it has contended that the auditor general has no power to do more than add, subtract, multiply and divide the figures on the report of the commission. Formal demand by the auditor general for opportunity to make an audit, made months ago, was not granted. The public business ought no longer to be delayed.

If the commission now shall offer its affairs to audit by the auditor general, there will be no necessity for issuance of a writ. But the writ will issue, if necessary, on request of the auditor general, without costs.

NELSON SHARPE, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

POTTER, J. (*dissenting*). Plaintiff seeks mandamus directed to the State liquor control commission,

its officers and members, to permit him to make an official examination and inventory of its property, and an audit of its books, accounts, vouchers and all its other records from December 15, 1933, to date. He bases his right to the writ upon two grounds,—

*First,* Upon 1 Comp. Laws 1929, §§ 303, 304, and

*Second,* Upon Act No. 8, Pub. Acts 1933 (Ex. Sess.).

A motion to dismiss plaintiff's petition was made by the attorney general which motion is denied and we proceed to pass upon the merits of the controversy. Voluminous arguments have been presented. The discussion has taken a wide range.

The case is determined by the language of Act No. 8, § 48, Pub. Acts 1933 (Ex. Sess.).

"All moneys received by the commission under the provisions of this act, except as herein provided, shall be turned over monthly to the State treasurer, less the actual and necessary expenses of the commission for the preceding month. A monthly report thereof shall be made to the State treasurer which shall contain an itemized account of all moneys received and all expenditures made by the commission during the month covered in the report. The State treasurer shall submit such report to the auditor general for audit, who shall certify on the report as to the audit thereof and return the same to the State treasurer. All moneys received by the commission while under the custody of the commission shall be deposited in a depository designated by the State treasurer."

This section of the statute provides (a) that all moneys received by the commission under the provisions of the act except as provided therein, shall be turned over monthly to the State treasurer, less (b) actual and necessary expenses of the commission for the preceding month. In order to be entitled to

credit for the expenses it will be seen that they must be both actual and necessary.

It is the duty of the commission to make a monthly report of all moneys received by it under the provisions of the act and of its actual and necessary expenses for the preceding month in the form of an itemized account of all moneys received and all expenditures made during the month covered by the report.

This monthly report, together with the itemized account of moneys received and expenditures made, is to be presented to the State treasurer together with the moneys properly payable by the commission to the State treasurer, according to the account.

It is the duty of the State treasurer to submit this monthly report of the commission to the auditor general for audit. The thing to be submitted by the State treasurer to the auditor general to be audited is the report which shall contain an itemized account of the moneys received and expenditures made. It is submitted to the auditor general, in the language of the statute, for audit. Obviously the only thing that could be audited by the auditor general is the thing submitted to him, namely, the account made by the commission and filed with the State treasurer, together with its remittance of the moneys payable to the State treasurer.

"To audit an account is to examine and digest it, or examine and verify it, or examine and adjust it. In actual practice, to audit an account is to see that the accountant is charged with everything with which he is justly chargeable, and that nothing is placed on the credit side of the account for which he is not justly entitled to credit, and then, after debit and credit are thus made up, to ascertain the balance remaining in his hands." *In re Heath,* 52 N. J. Eq. 807 (33 Atl. 46).

When the auditor general has audited the report of the commission and the account of the moneys received and expenditures made by it, which is to be presented to him, not by the commission but by the State treasurer, it is made the duty of the auditor general to certify as to his audit on the report, and then to return the same to the State treasurer with his certificate as auditor indorsed thereon. The primary purpose of this audit is obviously to ascertain whether the correct amount of money has been accounted for by the commission and paid over by it to the State treasurer. Whatever is necessary to enable the auditor general to determine whether the expenses charged are actual and necessary expenses of the commission may be inquired into. He is not given power and authority by this statute to audit the books and accounts of the liquor control commission, to substitute his judgment for that of the commission as to whether expenses are actual or necessary, dictate its policies, pass upon the prices paid for liquor, fix the prices for its sale, interfere with the collection of license fees, the issuing of licenses, the collection of taxes, or the other things vested by the statute in the sound judgment and discretion of the commission. His power and authority is defined by the section of the statute above quoted, which statute is in derogation of the common law, and is to be strictly construed.

Plaintiff is not entitled to mandamus as prayed. He has a right to perform his statutory duty as above indicated. This does not seem to have been denied him. Mandamus should be denied, but without costs.